IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:15-CR-20-JDK |
| vs. § | |
| § | |
| § | |
| MICHEAL HOLLIS (1) § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 1, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Nathaniel Kummerfeld. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession of Child Pornography, a Class C felony, Defendant Micheal Hollis was sentenced on October 7, 2015 by United States District Judge Michael H. Schneider. The offense carried statutory maximum imprisonment terms of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 120 months. The Court accepted a binding plea agreement for a term of imprisonment below the guideline range. Defendant was sentenced to 60 months of imprisonment followed by a 10-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, mental health treatment, sex offender registration, sex offender treatment program, no unsupervised contact with any child under the age if eighteen, a prohibition against possessing or viewing sexually explicit images, allowing a search of person, property, house, residence, vehicle,

1

papers, computer, other electronic communication or data storage devices, allowing monitoring software to be installed on any computer the probation officer has authorized the defendant to use, a prohibition against circumventing the monitoring software, advising anyone in the household of computer monitoring, a prohibition against purchasing, possessing, or using digital records, or any type of recording/photographic equipment, financial disclosure, and a $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release on July 19, 2019. The case was reassigned to United States District Judge Jeremy D. Kernodle on June 20, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 9, 2019, United States Probation Officer Elizabeth McAlpin alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition): The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.** It is alleged that on or about August 10, 2019, the defendant had contact with his three-year old niece without the supervision of an adult approved by the probation officer. The defendant allegedly gave a written and verbal admission to the alleged conduct.

2. **Allegation 2 (special condition): The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A).** It is alleged that, during the month of September 2019, the defendant used his personal cell phone to log into the internet and view images and literature that depicted sexually explicit conduct.

3. **Allegation 3 (special condition): The defendant shall not purchase, possess, have contact with, or otherwise use any device that can be connected to the internet or used to store digital materials.** It is alleged that, on August 19, 2019, the defendant was in possession of an Xbox gaming system that had the ability to connect to the internet. The device did not have the monitoring software installed on it. The defendant did not have permission to be in possession of the device.

4. **Allegation 4 (special condition): The defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software. The defendant shall disclose all online account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on the defendant's computer, as well as telephone, cable, or internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.** It is alleged that, on September 29, 2019, the defendant reset his cellphone to the original factor settings with the intent to circumvent the monitoring software.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On November 1, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Nathaniel Kummerfeld announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 6 months of imprisonment, to be followed by 9 years and 6 months of supervised release with a special condition that Defendant serves the first 6 months of supervised release in a halfway house. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Bastrop.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 6 months of imprisonment, followed by 9 years and 6 months of supervised release with a special condition that Defendant serves the first 6 months of supervised release in a halfway house. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 6 months of imprisonment, followed by

9 years and 6 months of supervised release with a special condition that Defendant serves the first 6 months of supervised release in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Bastrop.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 6 months of imprisonment, followed by 9 years and 6 months of supervised release with a special condition that Defendant serves the first 6 months of supervised release in a halfway house.

So ORDERED and SIGNED this 1st day of November, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE