# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:15-CR-20-JDK |
| vs. § | |
| § | |
| § | |
| MICHEAL HOLLIS (1) § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On February 23, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Felon in Possession of Child Pornography, a Class C felony, Defendant Micheal Hollis was sentenced on October 7, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 120 months. Defendant was sentenced to 60 months of imprisonment to be followed by a 10-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include substance abuse aftercare, mental health aftercare, sex offender registration, sex offender aftercare, a prohibition from contact with minors, a prohibition from possessing or using any device that can be connected to the internet, an agreement to allow the monitoring of any computer in a household where the defendant resides, a prohibition from attempting to circumvent monitoring software, required disclosure of all online account information, no purchasing, possessing, or using digital cameras,

1

digital recorders, or any other type of recording and/or photographic equipment, a prohibition from viewing sexually explicit materials, submission to search, financial disclosures and payment of the $100 special assessment.

The case was re-assigned to United States District Judge Jeremy D. Kernodle on June 20, 2019. Defendant's conditions of supervised release were modified on July 2, 2019 to include a 180-day placement in a residential reentry center. Defendant completed his term of imprisonment and started his term of supervised release on July 12, 2019. The Court revoked Defendant's supervised release on November 12, 2019 and sentenced him to 6 months of imprisonment, followed by 9 years and 6 months of supervised release. Defendant's conditions were modified on May 18, 2020 to remove the restriction against possessing or using any device that can be connected to the internet, but adding conditions for financial disclosure for the purpose of monitoring efforts to obtain and maintain lawful employment, mental health aftercare including medication requirements, a prohibition from using or owning any device that can be connected to the internet or used to store digital material other than authorized by the probation officer, a prohibition from possessing gaming consoles without permission from the probation officer, a prohibition from possessing portable electronics with photographic or internet capability, other than those approved by the probation officer. The conditions were modified again on September 24, 2020 to extend Defendant's placement in a residential reentry center for a period of up to 180 days, with subsistence waived and a requirement to save 25% of gross income, to allow him to secure a suitable place of residence. The residential reentry center extension started on October 15, 2020.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 4, 2021, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition): The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with Internet capability; laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The special condition also states that you shall refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.** It is alleged that a cellular telephone with internet and photographic capability (i.e. a "smartphone") was found in Defendant's possession by facility staff on December 30, 2020 while at the residential reentry center in Tyler, Texas. Defendant later verbally admitted to possessing the cell phone since December 18, 2020.

2. **Allegation 2 (special condition): The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. Section 2256(2)(A) and is not limited to the sexual exploitation of children.** It is alleged that, on January 4, 2021, Defendant admitted to possessing and viewing media on an unauthorized "smartphone" that depicted sexually explicit conduct, or pornography, on at least three occasions during the month of December 2020.

3. **Allegation 3 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program that may include the application of physiological testing instruments.** It is alleged that Defendant was discharged unsuccessfully from sex offender treatment by the treatment provider on January 4, 2021 for failing to comply with treatment rules.

4. **Allegation 4 (standard condition): The defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days, to commence October 15, 2020, and must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you may be released.** It is alleged that Defendant was unsuccessfully discharged from the residential reentry center in Tyler, Texas, on December 31, 2020 for failing to comply with facility rules after being found to be in possession of an unauthorized "smartphone" while at the facility.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

### *Hearing*

On February 23, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 3 months of imprisonment followed by 9 years of supervised release, with a special condition that Defendant serve the first 6 months of supervised release in a halfway house. After

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

4

the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation for designation at FCI Bastrop.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 3 months of imprisonment to be followed by 9 years of supervised release, with a special condition that Defendant serve the first 6 months of supervised release in a halfway house. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 3 months of imprisonment to be followed by 9 years of supervised release, with a special condition that Defendant serve the first 6 months of supervised release in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights

and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 3 months of imprisonment to be followed by 9 years of supervised release, with a special condition that Defendant serve the first 6 months of supervised release in a halfway house.

So ORDERED and SIGNED this 23rd day of February, 2021.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE