**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | **CASE NUMBER 6:15-CR-00020-JDK-JDL** |
| | § | |
| **MICHEAL HOLLIS,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 9, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Micheal Hollis. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level of 30 and criminal history category of I, was 97 to 120 months. On October 7, 2015, District Judge Michael H. Schneider sentenced Defendant to 60 months of imprisonment followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include testing and treatment for drug abuse; mental health treatment; sex offender registration; sex offender treatment and testing; restrictions from contact with minors; restrictions from internet-capable devices, except during employment if authorized; restrictions from camera equipment; agreeing to allow installation of computer monitoring software and disclosing all online account information; being prohibited

from viewing sexually explicit material; submitting to search; financial disclosure for the purpose of monitoring compliance with computer monitoring; and a $100 special assessment.

On July 3, 2019, the court modified Defendant's conditions of supervised release to include placement in a residential reentry center for a period of up to 180 days to allow him time to secure adequate housing. Defendant was able to secure adequate housing prior to his release, and as such, did not remain in the residential reentry center. On July 19, 2019, Defendant completed his term of imprisonment and began service of the supervision term.

Defendant's original term of supervised release was revoked on November 12, 2019, and District Judge Jeremy D. Kernodle sentenced Defendant to 6 months of imprisonment followed by a 9-year and 6-month term of supervised release, with the first 6 months of the supervised release term to be served in a residential reentry center. The previous standard and special conditions of release were imposed. On April 16, 2020, Defendant completed his period of imprisonment and began service of his second term of supervised release.

On May 18, 2020, Judge Kernodle modified Defendant's conditions of supervised release to remove the condition prohibiting possession or use of any device that can be connected to the internet. Judge Kernodle also added the following conditions: financial disclosure for the purpose of monitoring efforts to obtain and maintain lawful employment; mental health treatment including medication requirements; restrictions from using or owning any device that can be connected to the internet or used to store digital material other than authorized by the probation officer; restrictions from possessing gaming consoles without permission from the probation officer; and restrictions from possessing portable electronics with photographic or internet capability, other than those approved by the probation officer.

On September 24, 2020, Judge Kernodle extended Defendant's placement in a residential reentry center for a period of up to 180 days, waived subsistence waived, and required Defendant to save 25% of his gross income, to allow him time to secure a suitable place of residence. This residential reentry center extension began on October 15, 2020.

On January 12, 2021, Defendant was arrested on violations related to possessing an unauthorized smartphone at the residential reentry center, and he later admitted to downloading pornography on the phone. Based on these violations he was discharged unsuccessfully from sex offender treatment and was also discharged unsuccessfully from the residential reentry center. His supervised release was revoked on March 3, 2021, and Judge Kernodle sentenced him to 3 months imprisonment with credit for time served from January 12, 2021, followed by 9 years of supervised release with the first six months of supervised release to be served in a community corrections facility. This term of supervised release is subject to the previously imposed standard and special conditions of release. On April 13, 2021, Defendant completed his period of imprisonment and began service of his third term of supervised release.

The government alleges that Defendant violated his conditions of supervision by: (1) possessing a cellular telephone with internet and photographic capability; (2) possessing and viewing sexually explicit material; (3) being unsuccessfully discharged from sex offender aftercare on June 2, 2021; and, (4) being unsuccessfully discharged from the residential reentry center in Tyler, Texas for failing to comply with facility rules.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release as alleged above, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the

conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegations 1–4 of the government's petition. In exchange, the government recommended a sentence of 7 months imprisonment which includes his unserved residential reentry center time. Following this, Defendant will be placed on supervised release for a term of nine years, the first six months of which will be served at a residential reentry center.

The court therefore **RECOMMENDS** that Defendant Micheal Hollis' plea of true be accepted and he be sentenced to 7 months imprisonment which includes his unserved residential reentry center time, with 9 years of supervised release to follow, the first 6 months of supervised release to be served at a residential reentry facility. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Bastrop, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of June, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE