IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 6:15-CR-00020-JDK |
| v. | § |
| | § |
| | § |
| MICHEAL HOLLIS | § |
| | § |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On September 26, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Micheal Hollis. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk II, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 30 and criminal history category of I, was 97 to 120 months. On October 7, 2015, U.S. District Judge Michael H. Schneider of the Eastern District of Texas sentenced Defendant to 60 months imprisonment, followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include testing and treatment for drug abuse; mental health treatment; sex offender registration; sex offender treatment and testing; restrictions from contact with minors; restrictions from internet-capable devices, except during employment if authorized; restrictions from camera equipment; agree to allow installation of computer monitoring software and disclose all online account

1

information; prohibited from viewing sexually explicit material; submit to search; financial disclosure for the purpose of monitoring compliance with computer monitoring; and a $100 special assessment. On July 3, 2019, Mr. Hollis's conditions of supervised release were modified to include placement in a residential reentry center for a period of up to 180 days to allow him time to secure adequate housing. Mr. Hollis was able to secure adequate housing prior to his release, and as such, did not remain in the residential reentry center. On June 20, 2019, this case was reassigned to U.S. District Judge Jeremy D. Kernodle. On July 19, 2019, Defendant completed his period of imprisonment and began service of the supervision term.

On November 12, 2019, Micheal Hollis's initial term of supervised release was revoked for resetting his smartphone to the original factory settings in an attempt to circumvent the monitoring software. Mr. Hollis was sentenced to 6 months of imprisonment followed by a 9-year and 6-month term of supervised release, with the first 6 months of the supervised release term to be served in a residential reentry center. The term of supervised release was subject to the standard conditions of supervision, plus special conditions to include testing and treatment for drug abuse; mental health treatment; sex offender registration; sex offender treatment and testing; restrictions from contact with minors; restrictions from internet-capable devices, except during employment if authorized; restrictions from camera equipment; agree to allow installation of computer monitoring software and disclose all online account information; prohibited from viewing sexually explicit material; submit to search; financial disclosure for the purpose of monitoring compliance with computer monitoring. On April 16, 2020, Micheal Hollis completed his period of imprisonment and began service of his second term of supervised release in the Eastern District of Texas.

On May 18, 2020, Mr. Hollis's conditions of supervised release were modified to remove the condition prohibiting possession or use of any device that can be connected to the internet. Additional modifications included the addition the following conditions: financial disclosure for the purpose of monitoring efforts to obtain and maintain lawful employment; mental health treatment including medication requirements; restrictions from using or owning any device that can be connected to the Internet or used to store digital material other than authorized by the probation officer; restrictions from possessing gaming consoles without permission from the probation officer; and restrictions from possessing portable electronics with photographic or internet capability, other than those approved by the probation officer.

On September 24, 2020, Mr. Hollis's conditions of supervised release were modified to extend his placement in a residential reentry center for a period of up to 180 days, with subsistence waived and a requirement to save 25% of gross income, to allow him time to secure a suitable place of residence. This residential reentry center extension began on October 15, 2020.

On January 12, 2021, Mr. Hollis was arrested on violations related to possessing an unauthorized smartphone at the residential reentry center, and he later admitted to downloading pornography to the phone. Based on these violations he was discharged unsuccessfully from sex offender treatment and was also discharged unsuccessfully from the residential reentry center. He was subsequently revoked on March 3, 2021, and sentenced to 3 months imprisonment with credit for time served from January 12, 2021, followed by 9 years of supervised release with the first six months of supervised release to be served in a community corrections facility. This term of supervised release is subject to the standard conditions of supervision, plus special conditions to include financial disclosure to monitor employment; testing and treatment for drug abuse; mental health treatment; sex offender registration; sex offender treatment and testing; restrictions from

contact with minors; restrictions from gaming consoles, internet-capable devices, digital storage devices, and camera equipment; agree to allow installation of computer monitoring software and disclose all online account information; prohibited from viewing sexually explicit material; and submit to search. On April 13, 2021, Mr. Hollis completed his period of imprisonment in the custody of the Smith County Jail and began service of his third term of supervised release.

On June 09, 2021, Mr. Hollis was arrested on violations related to possessing an unauthorized smartphone at the residential reentry center, where multiple videos and images of pornography were found downloaded to the phone. Based on these violations he was discharged unsuccessfully from sex offender treatment and was also discharged unsuccessfully from the residential reentry center. He was subsequently revoked on June 11, 2021, and sentenced to 7 months imprisonment followed by 9 years of supervised release, with the first six months of supervised release to be served in a community corrections facility. This term of supervised release is subject to the standard conditions of supervision, plus special conditions to include financial disclosure to monitor employment; testing and treatment for drug abuse; mental health treatment; sex offender registration; sex offender treatment and testing; restrictions from contact with minors; restrictions from gaming consoles, internet-capable devices, digital storage devices, and camera equipment; agree to allow installation of computer monitoring software and disclose all online account information; prohibited from viewing sexually explicit material; and submit to search. On January 7, 2022, Mr. Hollis completed his period of imprisonment and began service of his fourth term of supervised release.

On March 2, 2022, the Court suspended the requirement for Mr. Hollis to complete drug treatment. On June 21, 2022, the Court suspended the remaining 13-day portion of Mr. Hollis's 180-day residential reentry placement.

Under the terms of supervised release, Defendant was required to not commit another federal, state, or local crime. In its petition, the government alleges that Defendant violated his conditions of supervised release on February 7, 2023, when he was arrested by the Texas Department of Public Safety for the offense of *Possession of Child Pornography With a Previous Conviction*, Texas Penal Code § 43.26, a second-degree felony.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by his arrest for the new offense of *Possession of Child Pornography With a Previous Conviction*, a second-degree felony, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 8 months imprisonment to run consecutive to the sentence imposed in 6:23-CR-00069, Eastern District Court of Texas-Tyler Division, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 8 months imprisonment to run consecutive to the sentence imposed in 6:23-CR-00069, Eastern District Court of Texas-Tyler Division, with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Bastrop, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of September, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE